[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Statewide Grievance Committee has brought this presentment of Attorney, Edan Calabrese upon charges that at various times from 1993 to 1995 he failed to perform legal serves that he had agreed to perform. Specifically, the statewide Grievance panel charges that he
1. failed to bring a personal injury suit on behalf of Mary Lindsey in a timely fashion and failed either to bring suit in timely fashion against the deputy sheriff who he claimed had failed to serve the writ, summons and complaint or to advise Mrs. Lindsey that she should engage other counsel to do so;
2. failed to file suit before the expiration of the statute of limitations on behalf of Theresa Coomes concerning injuries she suffered at a supermarket and failed to keep this client accurately informed;
3. paid a bankruptcy filing fee on behalf of Carla J. Reynolds and Anthony Reynolds with a check that was not drawn on an account with sufficient funds, with the result that the bankruptcy court gave notice that the filing would be CT Page 8180 dismissed.
Attorney Calabrese has admitted that for a period of approximately four years he was impaired by alcohol and drug use to the point that he did not attend to his duties to clients he had agreed to represent. He let his professional negligence insurance lapse before he undertook to represent Mrs. Lindsey and Ms. Coomes. Attorney Calabrese testified that since July 1996 he has been attending meetings of Narcotic Anonymous every night, seven nights a week, and that for the past few months he has been working at his office daily and has been free of the influence of drugs and alcohol.
The court notes that Attorney Calabrese has been reprimanded twice and suspended for a period of four months (April — July 1996) as sanctions for several instances of neglect of duties to clients during the same period as the three charges in this case. The court has been advised that there are several other complaints pending before the Statewide Grievance Committee that likewise relate to instances of negligent of professional duties during the period when Attorney Calabrese has admitted that he was impaired.
The court finds that the Statewide Grievance Committee has proved that Attorney Calabrese failed to do tasks he had agreed to do and failed to conduct his practice in a responsible manner with regard to the three clients named above. His neglect and his failure to advise his clients of his inability to represent them adequately constitute violations of Rules 1.3 and 1.4 of the Rules of Professional Conduct as charged.
The events at issue do not represent isolated and independent instances of malfeasance but are, rather, the result of an impairment caused by substance abuse. Since more of the consequences of this period of impairment are pending before the Committee and are likely to reach this court shortly, it is appropriate to treat all charges together for purposes of determining an appropriate sanction.
That sanction will include an order to reimburse Mrs. Lindsey and Ms. Coomes for the medical expenses not paid by collateral sources that they might have received had Attorney Calabrese not failed to file their suits as requested. The court finds that Attorney Calabrese has already reimbursed Mr. and Mrs. Reynolds for all economic losses. CT Page 8181
The court will await the presentment of the further cases from this period before determining any additional sanctions. The Statewide Grievance Committee is hereby ordered to file with this court a list of the pending grievances and, at the time the Committee has completed its review of all of them, to so advise this court. At that time, a hearing will be scheduled on any presentments arising from the outstanding claims and the court will consider any additional sanctions with regard to the case now before it as well as from any additional cases. The respondent should be aware that the court's judgment as to the necessary sanctions is likely to be affected by actual evidence from treating professionals as to his success in defeating his substance abuse problems and plan for treatment to prevent further impairment by those problems of his fitness to practice law responsibly.
Beverly J. Hodgson Judge of the Superior Court